**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**GABRIEL MANGUM,**

       **Plaintiff,**

**v.**                                            **CIVIL ACTION NO. 2:16cv77**
                                                            **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

       **Defendant.**

## REPORT AND RECOMMENDATION

### I.    PROCEDURAL HISTORY

On April 29, 2016, Plaintiff, Gabriel Mangum, a federal inmate incarcerated at FCI Terre Haute, file this *pro* se complaint pursuant to the Federal Tort Claims Act in the United States District Court for the Southern District of Indiana. ECF No. 1. On May 5, 2016, he was granted leave to proceed *in forma pauperis* [ECF No. 5], and on May 27, 2016, he paid the required initial partial filing fee. Service was perfected, and on August 16, 2016, Defendant filed a Motion to Transfer Case. ECF No. 13. On September 23, 2016, the motion was granted because the events giving rise to Plaintiff's claim occurred at FCI Gilmer, and accordingly, the case was transferred to this Court on that same date. ECF No. 17. On December 21, 2016, Defendant filed a Motion to Dismiss or, alternatively for Summary Judgment. ECF No. 25. On December 22, 2016, a Roseboro Notice was issued [ECF No. 33], and on March 7, 2017, Plaintiff filed his reply.

### II.    THE PLEADINGS

### A. The Complaint

Plaintiff alleges that on June 1, 2015, while confined at FCI Gilmer he suffered a slip and fall accident due to the improper maintenance, construction and installation of the three tier bunk bed in his cell. More specifically, Plaintiff alleges that he was assigned to the top bunk of a three tier bunk bed, which was a modified bed and lacked any ladder, supports or safety bars. Plaintiff indicates that when he was required to stand for "count," he struck his forehead on a bed locker which caused a large laceration, contusion, bleeding and great pain and swelling. Plaintiff further alleges that as a direct and proximate result of Defendant's negligence and the resulting slip and fall, he required emergency transfer to a local hospital where he was forced to undergo surgery to replace a skin flap to his forehead to close the wound, injection of pain killers and antibiotics. Plaintiff also alleges that as a direct and proximate result of Defendant's negligence, he has incurred great pain, anxiety and mental anguish and will require ongoing medical and restorative care in the future. For relief, Plaintiff seeks $150,000 in damages.

### B. **Defendant's Motion**

As previously noted, Defendant has filed a Motion to Dismiss or, alternatively Motion for Summary Judgment. In support thereof, Defendant asserts that it is immune from suit where its employees are accused of negligently performing discretionary functions. Defendant maintains that the Bureau of Prisons ("BOP") retains discretion to exercise judgment regarding the use of ladders and safety rails on inmate beds. Therefore, Defendant contends that the FTCA's discretionary function exception immunizes it against Plaintiff's claims. Accordingly, because Defendant asserts that it is immune from

Plaintiff's lawsuit, this Court lacks subject matter jurisdiction to address the merits of his claim. Moreover, Defendant alleges that even if this Court is empowered to address the merits of Plaintiff's allegations, his assertions are contradictory and unsupported, and because his assertions rely on baseless factual allegations, he has not pled a cognizable legal claim. Finally, Defendant alleges that even if Plaintiff's claims were fully substantiated, he fails to present a cognizable negligence claim. More specifically, Defendant asserts that: (1) Plaintiff has failed to establish that FCI Gilmer employees breached their duty to keep inmates safe and to provide reasonable quarters; (2) Plaintiff jumped from his bed before he fell, and therefore, he has not established that the bed's design was the proximate cause of his injury; and (3) Plaintiff used the same bed for 28 days before he fell, and therefore, any purported risk presented by the bed was open and obvious.

### III. STANDARD OF REVIEW

**A. Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 – 21 (1972) (per0 curiam); Erickson v. Pardus, 551 U.S. 89, 94 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999).  However, "judges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570.  In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570.  Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Thus, "[t]hreadbare recitals of the

4

elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

"Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alternative Energy. Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir.2001) (cited with approval in Witthohn v. Federal Ins. Co., 164 Fed. Appx. 395 (4th Cir.2006) (unpublished)). There are, however, exceptions to the rule that a court may not consider any documents outside of the complaint. "Courts must consider the complaint in its entirety, as well as other

sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S.Ct. 2499, 2509 (2007).

**B.     Motion for Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must

6

present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV. ANALYSIS

### A. Jurisdiction and Applicability of the Federal Tort Claim Act

The United States enjoys sovereign immunity except to the extent that Congress has waived such immunity by enacting the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.* The FTCA provides in § 2674 that:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

Jurisdiction for violations of the FTCA is governed by 28 U.S.C. § 1346 which provides in subparagraphs (b)(1) and (b)(2):

> (b)(1) [T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
> (2) No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or any agency, officer, or employee of the Government for mental or emotional injury suffered while in custody without a prior showing of a physical injury.

The FTCA waives the Government's traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b). "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223

(4th Cir. 2001). Because the alleged negligent act occurred in West Virginia, the substantive law of West Virginia governs this case.

In West Virginia,

> Every action for damages resulting from injuries to the plaintiff, alleged to have been inflicted by the negligence of the defendant, it is incumbent upon the plaintiff to establish . . . three propositions: (1) a duty which the defendant owes to him; (2) A negligent breach of that duty; (3) injuries suffered thereby, resulting from the breach of that duty.

Webb v. Brown and Williamson Tobacco Co., 2 S.E.2d 898, 899 (W.Va. 1939). With regard to federal prisoners, the BOP owes a duty to provide suitable quarters, and to provide for the inmates' safekeeping, care, and subsistence. 28 U.S.C. § 4042(a). This duty, similar to the duty of a landowner in West Virginia has been interpreted as one of "reasonable care." See McNeal v. United States, 979 F.Supp. 431 (N.D.W. Va. 19997); Burdette v. Burdette, 127 S.E.2d 249 (1962). "Negligence is the violation of the duty of taking care under the given circumstances. It is not absolute, but is always relative to some circumstances of time, place, manner, or person. Mallet v. Pickens, 206 W.Va. 145, 144, 522 S.E.2d 436, 466 (1999) (citations omitted). To the extent that Plaintiff alleges that the BOP was negligent in adding a third bed to an existing two-tier bunk, where there was a ladder or not[1], the undersigned finds that such allegation fails to state a claim under the FTCA. In reaching this conclusion, the undersigned acknowledges that Congress has waived the Government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). However, the waiver of the federal

---

[1] In his Administrative Tort Claim (SF-95), Plaintiff alleged that: [o]wing to negligent construction, maintenance, and installation of a third bed, in a tiering system, without a properly mounted ladder, Claimant did suffer a slip and fall accident. As claimant left the bed, he was required to negotiate around the ladder, which caused him to slip and fall, striking his forehead on a steel locker." ECF No. 26-1 at 20, 22.

government's sovereign immunity through the FTCA with respect to negligence claims is not absolute. Congress specified a number of exceptions limiting the waiver in 28 U.S.C. § 2680, including the discretionary function exception, which is applicable to this case.

The discretionary function exception is codified in subsection (a) of the statute:

> The provisions of this chapter and section 1346(b) of this title shall not apply to—(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680.

A District Court considering whether the discretionary function exception bars an FTCA claim must determine whether: (1) the action taken involves choice by the acting government employee or a specific course was mandated by statute, regulation or policy; and (2) the choice is "of the kind that the discretionary function was designed to shield." Berkovitz by Berkovitz v. United States, 486 U.S. 531, 536 (1988). "When established governmental policy . . . allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." United States v. Gaubert, 499 U.S. 315, 324 (1991).

Because "the United States retains its immunity for torts involving a 'discretionary function or duty' of the Government, regardless of whether or not the discretion was abused," Plaintiff cannot obtain relief for any tort alleged to have been committed by an agent who was performing such a discretionary function. Jackson, supra, at 713. Thus,

Plaintiff must establish that the Government's agents were not performing a discretionary function at the time he alleges he was injured, and that the Government was not exempt from the FTCA pursuant to subsection (a).[2]

The BOP has a discretionary duty of care to maintain order within its facilities pursuant to 18 U.S.C. § 4042, which provides, in pertinent part, that, "[t]he Bureau of Prisons under the direction of the Attorney General, shall ... provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States." Courts of Appeal have interpreted this statute as granting the BOP discretion in its implementation. "While it is true that this statute sets forth a mandatory duty of care, it does not, however, direct the manner by which the BOP must fulfill this duty. The statute sets forth no particular conduct the BOP personnel should engage in or avoid while attempting to fulfill their duty to protect inmates." Calderon v. United States, 123 F.3d 947 (7th Cir. 1997). See Carter v. United States, 2002 WL 32332081, *5 (D.S.C.), 57 Fed.Appx. 208 (4th Cir. Mar.14, 2003)(citations omitted).

Accordingly, the Court's only inquiry is whether the addition of a third bed to an existing two tier bunk and installation of a ladder or railings on the bunk bed is a matter of discretion. As discussed in detail below, the undersigned finds that they are.

Conduct is discretionary where the actor is entrusted to exercise judgment or choice. United States v. Gaubert, 499 U.S. 315, 322-23 (1991). In contrast, conduct is not discretionary where "a federal statute, regulation, or policy specifically prescribes a

---

[2] The purpose of the exception is to "prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy, though the medium of an action in tort." United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 814 (1984).

11

course of action for an employee to follow," leaving the employee "no rightful option but to adhere to the directive." Id.

Plaintiff has cited no statute or regulation, and the undersigned is unaware of any statute or regulation regarding the BOP's addition of a third bed to an existing two-tier bunk or an obligation to install or not install ladders or bed rails. Indeed, this Court's precedent has held "that the BOP had discretion to decide whether or not to supply ladders to top bunks." Lee v. United States, 2010 WL 3910062, at 4 (N.D.W. Va. Oct. 4, 2010). Specifically, this Court recognized that the BOP has no rule, regulation, or policy governing the use of ladders on inmate beds. Id. Instead, such decisions are "made independently by the administrators of each institution." Id. The undersigned is of the opinion that the same holds true to the addition of a third bed to an existing two tier bunk.

Although Plaintiff responded to the Government's Motion to Dismiss, he failed to establish that the Government's modification of the bunk bed was anything but discretionary. Instead Plaintiff's response focuses on Defendant's failure to address his argument that the "BOP's alteration to a 2-tier bunk bed, by adding a 3rd tier, which actually changed the design [parameters] and serviceability of the bed is extant." ECF No. 33 at 6. The undersigned finds that this argument lacks merit as well.

The undersigned notes that Plaintiff has not provided any evidence that mounting a third bed to a two-tiered unit is actionable negligence, willful or wanton misconduct or a nuisance. Nor has he cited any authority that would establish that such modification was not with the discretion of the BOP. Plaintiff merely offers a conclusory statement that placing the third bed was negligent. Again, the statute at issue in this

12

case states that the BOP shall "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States." See 18 U.S.C. § 4042(a). This statute merely outlines the general duties of the BOP with regard to inmates, and this Court has previously determined that the BOP is clearly left with an element of discretion or judgment of choice in determining how to fulfill its obligation under this statute. See Harris, 2006 WL 2583435 at * 12. By installing a third bed to an existing two tier-bunk, the BOP is fulfilling its obligation to provide suitable quarters. Given the number of prisoners housed by the BOP, and the limited space within cells, the undersigned does not believe that the BOP's placement of a third tier is unreasonable and is clearly grounded in policy concerns.

For all of these reasons, the undersigned finds that the District Court lacks subject matter jurisdiction and that this matter should be dismissed.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned finds that the District Court lacks subject matters jurisdiction and recommends that Defendant's Motion to Dismiss (ECF No. 25) be **GRANTED**, and the Plaintiff's complaint [ECF No. 1] and **DISMISSED WITH PREJUDICE.**

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file

objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir. 1997).

The Clerk of the Court is directed to send a copy of this Order to the Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED: June 5, 2017

*/s Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE